UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SPENCER CONNERAT, III,

    Plaintiff,

v.                                                  CASE NO.: 8:11-cv-1359-T-23EAJ

BARACK OBAMA, President of the United States,

    Defendant.

_____/

## **ORDER**

The *pro se* plaintiff petitions for a writ of mandamus[1] (Doc. 1, at 1-2) and a "tacit admission of ineligibility" (Doc. 1, at 3) and seeks "injunctive relief to require the Respondent to cease and desist posing as President of the United States of America." The plaintiff moves (Doc. 3) for summary judgment.

Article III, Section Two, of the United States Constitution limits federal court jurisdiction to a "Case" or "Controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Standing "is an essential and unchanging part of the case-or-controversy requirement." *Lujan*, 504 U.S. at 560 (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)), and questions whether "the litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing requires an

---

[1] Rule 81(b), Federal Rules of Civil Procedure, abolishes the writ of mandamus in the United States District Courts. The proper writ for the requested relief is a writ of *quo warranto*, "[a] common-law writ used to inquire into the authority by which a public office is held." BLACKS LAW DICTIONARY 1285 (8th ed. 2004). Only the Attorney General and the U.S. Attorney have standing to bring a *quo warranto* action against a public official. *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (citing *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945)).

"injury-in-fact" – an invasion of a legally protected interest which is (1) "concrete and particularized" and (2) "'actual or imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "A plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *accord United States v. Richardson*, 418 U.S. 166 (1974) (dismissing a taxpayer suit challenging the government's failure to disclose the expenditures of the CIA); *Ex parte Lévitt*, 302 U.S. 633 (1937) (dismissing a suit arguing that Justice Black's appointment to the Supreme Court violated the Ineligibility Clause); *Fairchild v. Hughes*, 258 U.S. 126 (1922) (Brandeis, J.) (dismissing a suit challenging the Nineteenth Amendment's ratification).

    The plaintiff's alleged injury – a harm to a citizen's undifferentiated interest in the proper application of the Constitution – is a quintessential "generalized grievance," available to each member of the American public and inadequate to create standing. *See Warth*, 422 U.S. at 499; *Taitz v. Obama*, 707 F. Supp. 2d 1, 3-4 & n.1 (D.D.C. 2010) (dismissing a private individual's *quo warranto* action to determine the President's eligibility for office and noting that – without a personal entitlement to the office – only the Attorney General and U.S. Attorney have standing); ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 2.3.5 (5th ed. 2007) ("[A] generalized

grievance is where the plaintiffs sue solely as citizens concerned with having the government follow the law.").

The plaintiff asserts "unique standing to bring forth this civil action." The "unique standing" arises purportedly from the plaintiff's "considerable expense" in obtaining the "tacit admission of ineligibility" from the President. However, spending money to support a lawsuit fails to establish the discrete injury-in-fact necessary for Article III standing. *Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d 71, 79 (3d Cir. 1998) (citing *Spann v. Colonial Village, Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990) ("An organization cannot, of course, manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit. Were the rule otherwise, any litigant could create injury in fact by bringing a case, and Article III would present no real limitation.")). This action fails for lack of Article III standing.

The plaintiff's motion (Doc. 3) for summary judgment is **DENIED**, and this action is **DISMISSED**. The Clerk is instructed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on December 21, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE